

NUMBER 13-09-00374-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN RE HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE ASSOCIATION

---

**On Petition for Writ of Mandamus.**

---

## OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Opinion by Justice Vela[1]**

Through this original proceeding, relator, Hochheim Prairie Farm Mutual Insurance

Association ("Hochheim"), challenges an order denying severance of claims against it. As

---

[1] *See* Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions); Tex. R. App. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case.").

stated herein, we conditionally grant the writ of mandamus.

## I. BACKGROUND

Hochheim provided insurance coverage under three separate policies to Maricela Pena Cantu, Rene R. Cavazos, and Jaime and Sandra Galpern, the real parties in interest, for their three separate dwellings and personal property. Real parties sustained damage to their homes as a result of windstorm, hail storm, and/or water during Hurricane Dolly. They each submitted claims to Hochheim for property damage to their respective dwellings. Alleging that their claims were mishandled and underpaid, real parties brought suit against Hochheim for breach of contract, breach of the duty of good faith and fair dealing, violations of the deceptive trade practices act, and violations of the Texas Insurance Code.[2]

Hochheim moved to sever the case into three separate proceedings so that the real parties' claims "arising from the damage to three residential dwellings may be independently evaluated, pursued, and defended efficiently." Hochheim included affidavit testimony from Mark Kimball, its litigation manager, who averred that: the real parties were insured under three separate insurance policies for their three separate residential dwellings;[3] each policy insured a different individual and a different dwelling at different locations; Hochheim received notice of the claims of each of the real parties related to

---

[2] Real parties in interest also brought suit against The Littleton Group, which is not a party to this original proceeding.

[3] Kimball specifically stated that: (1) Maricela Pena Cantu was insured under policy number FM 5500768 for the period of January 12, 2008 to January 12, 2009; (2) Rene Rafael Cavazos was insured under policy number FM 5435713 for the period of September 19, 2007 to September 19, 2008; and (3) Jaime Galpern and Sandra Galpern were insured under policy number FM 5377527 for the period of October 15, 2007 to October 15, 2008.

Hurricane Dolly independently; Hochheim independently acknowledged, investigated, and paid the real parties' claims; and Hochheim did not base its decision for any of the real parties' claims on the claims of any of the other real parties. Hochheim argued that the homeowners' claims were independent of each other and not related in any way:

> In fact, given that a jury could conceivably find that Hochheim did not breach its policy with one plaintiff but did breach its policy with another plaintiff, trying the plaintiffs' claims together in one action could result in the rendition of an improper verdict due to the highly prejudicial effect in the event of a finding that Hochheim violated a duty to but one of the multiple plaintiffs.
>
> * * *
>
> Furthermore, the issues of comparative negligence of the homeowners and whether the individual homeowners complied with the policy terms and conditions and the unique facts relating to liability, damage and Hochheim's defenses will be separate for each home.

Hochheim contended that severance would "do justice," avoid confusion and prejudice, and be more convenient and efficient.

By written response, the real parties contended that the joinder of their claims was appropriate under Texas Rule of Civil Procedure 40 because their claims "are interwoven and involve the same facts and issues."[4] Specifically, the real parties argued that their

---

[4] Texas Rule of Civil Procedure 40 provides, in relevant part:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. . . . A plaintiff or defendant need not be interested in obtaining or defending against all of the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(b) Separate trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice.

homes suffered roof damages and similar interior water damages and that their claims were mishandled and intentionally underpaid by the same adjuster. They argued that the claims should be tried together in a single lawsuit "in order to demonstrate to the jury a pattern of practice, business relationships between Defendants, and a common purpose between Defendants to underpay and/or delay payments to Plaintiffs." The real parties further contended that maintaining the suit in one proceeding would be more cost-effective and efficient.[5]

By written order on May 21, 2009, the trial court denied Hochheim's motion to sever. This original proceeding ensued. The Court requested, but failed to receive, a response from the real parties in interest.[6]

## II. STANDARD OF REVIEW

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). Stated

---

TEX. R. CIV. P. 40.

[5] We note that the real parties in interest did not support their response to the motion to sever with affidavit testimony or other documentary evidence.

[6] The Court originally requested that the real parties file a response by order issued on July 6, 2009. This order was inadvertently delivered to incorrect counsel of record for the real parties. The Court issued a corrected order requesting a response on July 28, 2009, and verbally notified counsel of record that same date. To date, no response has been received from the real parties in interest.

otherwise, mandamus may be available upon a showing that (1) the trial court clearly abused its discretion by failing to correctly apply the law, and (2) the benefits and detriments of mandamus render appeal inadequate. *See In re Schmitz*, 285 S.W.3d 451, 458 (Tex. 2009) (orig. proceeding).

To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Appeal may be an inadequate remedy when a trial court's failure to sever constitutes an abuse of discretion. *In re Allstate Ins. Co.*, 232 S.W.3d 340, 342 (Tex. App.–Tyler 2007, orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *In re Allstate Tex. Lloyds*, 202 S.W.3d 895, 896 (Tex. App.–Corpus Christi 2006, orig. proceeding). In this case, Hochheim claims that it lacks an adequate remedy by appeal because if the case is tried without severance, "there will be no way to untangle how or whether prejudice and confusion infected the jury's deliberations." We agree with Hochheim. *See, e.g., In re Union Carbide Corp.*, 273 S.W.3d 152, 156 (Tex. 2008) (conditionally granting mandamus relief where the trial court abused its discretion by failing to rule on relator's motion to strike before severing

5

intervenors' claims where decedent's survivors attempted to intervene in another plaintiff's personal injury lawsuit against the manufacturers of toxic chemicals).

### III. SEVERANCE

Severance is governed by rule 41 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 41. Rule 41 provides, in part, that "[a]ctions which have been improperly joined may be severed . . . on such terms as are just. Any claim against a party may be severed and proceeded with separately." *See id.* Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons for a severance are to do justice, avoid prejudice, and promote convenience. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007).

The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984); *Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.–Houston [14th Dist.] 1997, orig. proceeding). However, that discretion is not unlimited. *See In re Gen. Agents Ins. Co. of Am., Inc.*, 254 S.W.3d 670, 673-74 (Tex. App.–Houston [14th Dist.] 2008, orig. proceeding). The trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be

prejudiced thereby." *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682-83 (1956) (orig. proceeding).

## IV. ANALYSIS

The claims regarding the three policies herein are properly severable because (1) the controversy involves more than one cause of action; (2) each of the claims regarding the three policies is one that would be the proper subject of a lawsuit if independently asserted; and (3) none of the policy claims are so interwoven with the others that they involve the same facts and issues. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 658. Although the three claims will concern similar issues of law and some similar facts, the three claims stem from three distinct factual scenarios. Accordingly, we agree with relator that the judicial economy and convenience that may be gained by trying these three claims together is outweighed by the dangers of prejudice and confusion on the part of the jury. *See Duenez*, 237 S.W.3d at 693. Although the property damage in each of the three claims was caused by the same weather event, and although each of the claims was handled by the same adjuster, other issues for each claim must be resolved on their own merits. Specifically, the underlying factual situations for each of the three claims is unique and should therefore be handled separately, including whether each claim was covered under the insurance policies at issue; the amount of damage sustained in each claim; and whether Hochheim complied with its policy and concomitant legal obligations in the investigation and handling of each claim.

7

The real parties contend that the cases should be tried together for the sake of efficiency[7] and for the purpose of showing a common design or purpose in Hochheim's mishandling or underpaying their claims. However, we consider the alleged conduct and acts directed to each real party separately to determine whether their claims arise out of the same series of transactions or occurrences; in other words, even if relator's actions and conduct were similar on each occasion or the alleged intention is a factor to consider, relator is still entitled to be tried for the specific wrongful acts alleged by each real party. *Dal-Briar Corp. v. Baskette*, 833 S.W.2d 612, 616 (Tex. App.–El Paso 1992, no writ). Moreover, even if the real parties' claims were based upon a common intention or design, any such common intention or design "does not outweigh the potential that prejudice and jury confusion will result from a single trial" of the multiple claims. *In re Levi Strauss & Co.*, 959 S.W.2d 700, 703-04 (Tex. App.–El Paso 1998, no writ). Even if the evidence in each of the three claims is identical, relator is entitled to be tried for the specific wrongful acts alleged by each claimant.[8]

## V. CONCLUSION

We conclude that the trial court abused its discretion in refusing to grant relator's motion for severance. Accordingly, we conditionally grant the writ of mandamus and direct the trial court to vacate its May 21, 2009 order denying severance and enter an order

---

[7] The goals of judicial efficiency and cost efficiency are served by the rules of civil procedure governing severance, consolidation, and joinder. These objectives are reiterated in other rules related to litigation procedures. *See* TEX. R. JUD. ADMIN. 11, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. (Vernon 2005).

[8] The desire to show the jury that the alleged misconduct is part of a pattern of similar incidents is a purpose that is validated under Texas law, but consolidated trials are not necessary for the real parties to offer evidence establishing such a pattern. *See, e.g., Nissan Motor Co., Ltd. v. Armstrong*, 145 S.W.3d 131, 138-39 (Tex. 2004).

granting the motion.  We are confident that the trial court will comply with the order of this court.  The writ of mandamus will issue only if the trial court fails to comply.


                                                    Rose Vela
                                                    Justice

Opinion delivered and filed this
29th day of September, 2009.